IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | Case Number: 4:03-CR-13 |
| | § | |
| FRANCIS S. SHIN | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On March 30, 2009, the court held a final hearing on the government's petition (#65) to revoke supervised release. The government was represented by Assistant United States Attorney Shamoil Shipchandler. The defendant was represented by Ms. Denise Benson.

Francis S. Shin was sentenced on December 16, 2003, before The Honorable U.S. District Judge Leonard Davis of the Eastern District of Texas – Tyler Division, after pleading guilty to the offense of Bank Fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of II, was 15 to 21 months. Francis S. Shin was subsequently sentenced to 15 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; credit restrictions; employment restrictions; gambling restriction; drug aftercare; mental health treatment; a $100 special assessment; and $97,297.92 restitution. On September 24, 2004, Francis S. Shin completed his period of imprisonment and began service of the supervision term.

On November 21, 2008, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall report to the probation officer and shall submit a truthful and complete

written report within the first five days of each month. Specifically, the government alleges as follows: The defendant failed to submit a written report within the first five days of the month for April, June, July, and September 2007; January, February, March, April, May, June, and September 2008. The defendant failed to report to the U.S. Probation Office on June 16, September 12, September 22, and September 26, 2008, as instructed.

2) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. Specifically, the government alleges as follows: The defendant failed to notify the U.S. Probation Office of his change in residence, and termination from his place of employment. An unscheduled home visit on October 22, 2008, resulted in a vacant apartment. Additionally, telephone contact to his last known employment was unsuccessful and contact with his mother confirmed the defendant is no longer employed at his last reported place of employment. As of this writing, his current whereabouts is unknown. .

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. Specifically, the government alleges as follows: The defendant opened a line of credit with Capital One in May 2008 with a credit limit of $300.

4) The defendant is to pay restitution totaling $97,297.92 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Specifically, the government alleges as follows: The defendant has failed to pay restitution as directed and is 14 months in default. An outstanding balance of $94,322.92 remains.

5) The defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The

defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Specifically, the government alleges as follows: The defendant failed to report to the U.S. Probation Office on September 22, 2008, for installation of the electronic monitoring equipment.

The court scheduled a final revocation hearing for March 30, 2009. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate the conditions of his supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for ten months, to include the 180 days home detention with electronic monitoring that remains unserved, with a term of 44 months of supervised release to follow. The defendant also shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 120 days to commence upon release from confinement and shall observe the rules of that facility. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of ten months, with a term of supervised release of 44 months to follow such term of imprisonment.

At the close of the March 30, 2009, revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 1st day of May, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE